EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ALBERTO RESTO, acusado y apelante.

Núm. 7344.—*Sometido:* Enero 20, 1939. *Resuelto:* Febrero 25, 1939.

*Carlos H. Juliá,* abogado del apelante; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Alberto Resto fué acusado de portar un revólver en la casa de Marcela Feliciano el 29 de enero de 1938, en el barrio Guaraguao, de la municipalidad de Guaynabo. Terminada la prueba de cargo, la defensa presentó una moción solicitando la absolución perentoria del acusado por insuficiencia de la prueba. La moción fué desestimada. Tomó excepción el acusado y se abstuvo de presentar prueba, descansando en la sometida por el fiscal. Al siguiente día, el 15 de junio del año pasado, la corte dictó sentencia declarando al acusado convicto del delito imputádole y le condenó a sufrir la pena de tres meses de cárcel. Apeló para ante este tri-

bunal y al solicitar la revocación de la sentencia imputa a la corte sentenciadora la comisión del siguiente error:

"La Corte cometió error al declarar sin lugar la moción de absolución perentoria que a manera de *nonsuit* presentara la defensa en este caso."

De la prueba resulta que en la noche del 29 de enero de 1938, varios amigos, y entre ellos el acusado, se hallaban reunidos en la casa de Marcela Feliciano. Tocaban guitarra y cantaban. Alrededor de media noche llegó a la casa un individuo y el acusado disparó un revólver contra él. Después de herirle abandonó el local con el revólver, dándose a la fuga. Nada existe en la prueba que indique que el acusado hubiera obtenido el revólver de otra persona allí presente o que lo hubiera cogido o encontrado en algún sitio de la casa. La defensa invoca el caso de *El Pueblo* v. *Rodríguez,* 45 D.P.R. 73, donde se alegaba que el acusado portaba un revólver en un baile que se llevaba a efecto en la casa vivienda de Valeriano Hernández, en el Municipio de Carolina. Al revocar la sentencia que declaró culpable al acusado, este tribunal, por voz de su Juez Asociado Sr. Wolf, se expresó así:

"La acusación en este caso alega que José Rodríguez era culpable de portar un arma prohibida en la casa de Valeriano Hernández, donde se llevaba a efecto un baile. Empero, al examinar los autos no hallamos prueba directa de que José Rodríguez tuviera un arma en su persona mientras tomaba parte en el baile celebrado en la casa de Valeriano Hernández. Toda la prueba tiende a demostrar que él portaba un arma en los acontecimientos que tuvieron lugar en la carretera algún tiempo después de haber salido de la casa. Hubo alguna prueba tendente a indicar que él se sacó un revólver del bolsillo mientras estaba en la carretera, mas nada hay en los autos que indique cómo el revólver llegó a estar en su poder. Existe la posibilidad de que el revólver pudiera ser recogido por él o entregádole entre el período de tiempo que medió desde que salió de la casa hasta el momento en que hizo uso del arma en la refriega que tuvo lugar en la carretera.

"La prueba circunstancial en este caso no es lo suficientemente fuerte para excluir la posibilidad de que José Rodríguez no portara un revólver mientras se hallaba en la casa de Valeriano Hernández."

El caso que nos ocupa es distinto. En éste, toda la prueba indica que los disparos fueron hechos en la casa de Marcela Feliciano y que en esos momentos el revólver fué visto en las manos del acusado.

Como decimos anteriormente, no aparece de la evidencia el más ligero indicio de que la portación del arma fuese accidental, ni presentó el acusado prueba alguna a ese efecto.

A nuestro juicio, no cometió la corte sentenciadora el error que se le imputa.

*En su consecuencia, procede desestimar el recurso y confirmar la sentencia apelada.*